RCB Equities #3, LLC v. Howard Martin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fifteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

RCB Equities #3, LLC,

> *Plaintiff-Appellee*,

v.                                                          14-4518

Howard Martin,

> *Defendant-Appellant,*

New York State Department of Taxation and Finance, Skyline Woods Realty, LLC,

> *Defendants*.

---

FOR PLAINTIFF-APPELLEE:          GARY A. LEFKOWITZ, Schiller & Knapp, LLP, Latham, NY.

FOR DEFENDANT-APPELLANT:          STUART S. ZISHOLTZ, Zisholtz & Zisholtz, LLP, Mineola, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a bench trial, the district court found in favor of appellee RCB Equities #3, LLC on both of the two issues that were before it: (1) whether appellant Howard Martin's 2007 payment guaranty was authentic and (2) whether appellee RCB had standing to enforce that payment guaranty. Accordingly, in its November 10, 2014 final trial order, the court granted RCB's motion for leave to file a deficiency judgment and entered a deficiency judgment against Martin.

On appeal, Martin argues that: (1) the 2007 loan modification and extension agreement superseded his original 1998 guaranty, so the 2007 payment guaranty was never effective; (2) RCB could not prove the authenticity of the 2007 payment guaranty without producing the original document at trial; (3) the loan assignment from Greystone to RCB did not specifically mention Martin's guaranty, so the guaranty was not transferred to RCB and RCB lacked standing to seek a deficiency judgment on it; (4) the district court erred in its March 11, 2013 Order by adopting the Referee's Report, which Martin claims is defective; and (5) Greystone's original complaint insufficiently alleged a claim on the 2007 payment guaranty. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Both the limited scope of the bench trial and Martin's notice of appeal, which lists only the final judgment entered following from that trial, stand in stark contrast to the breadth of arguments Martin seeks to raise in his appellate brief. Fed. R. App. P. 3(c) states that "[t]he notice of appeal must . . . designate the judgment, order, or part thereof being appealed." This requirement is

2

jurisdictional. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) ("Since a notice of appeal 'must designate the judgment, order, or part thereof appealed from,' Fed. R. App. P. 3(c), the appellant's failure to mention the . . . order [that he now claims is erroneous] in his notice of appeal bars us from considering his claim . . . ."). Furthermore, any issues not sufficiently raised before the district court may be considered waived on appeal. *See Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000).

In denying RCB's motion for leave to file a deficiency judgment at the summary judgment stage, Judge D'Agostino stated that "two issues remain to be resolved by a finder of fact as to Defendant Howard's liability as personal guarantor: the authenticity of the payment guaranty and whether the assignment incorporated the payment guaranty." J.A. at 74. Those were the only two issues presented to and decided by Judge D'Agostino at trial. Martin's notice of appeal challenges only the "Judgment dated November 10, 2014 and entered November 10, 2014 of Honorable Mae A. D'Agostino, which granted [RCB] a Deficiency Judgment against the Defendant, Howard Martin, and . . . the whole of the said Judgments and . . . each and every part thereof." J.A. at 594. We therefore do not consider any of Martin's arguments with respect to supersession of the 1998 guaranty, the Referee's Report, or the inadequacy of the complaint. The scope of our review is limited to the arguments that address either the authenticity of the 2007 payment guaranty or RCB's standing to claim under the guaranty, i.e., whether Greystone properly assigned the payment guaranty to RCB.

"On appeal from a bench trial, the district court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo.*" *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999).

Martin contends that RCB's failure to produce the original guaranty at trial was fatal to its claim. Martin cites several cases, none of which supports this proposition. Fed. R. Evid. 1003 permits the admission of a duplicate copy of a document unless the party seeking to oppose the admission of that document raises a genuine question as to its authenticity or shows that the circumstances make it unfair to admit the duplicate. Martin's attorney objected to the admission of the duplicate at trial on grounds that "it's not the original," but the court overruled that objection because RCB's attorney had laid a proper foundation for admission of the duplicate and Martin's attorney never pointed to anything indicating that the duplicate was somehow different than the original. Martin submitted three different copies of the payment guaranty into evidence, and argued that the fact that his social security number and the loan number were redacted from the signature page showed that the document had been altered. The court rejected this argument, noting that the redactions were required pursuant to Local Rule 8.1. *See* N.D.N.Y. L.R. 8.1 (requiring certain redactions for personal privacy protection). The court additionally noted that Martin's attorney never served a subpoena to request that the original document be brought to trial, and that Martin inspected the original guaranty prior to trial and had the opportunity to have an expert inspect it as well.

The only evidence Martin produced at trial to suggest the payment guaranty was not authentic was his own uncorroborated statement that he did not sign the guaranty and never would have agreed to such an extension of his liability. Yet Martin conceded that the signature on the guaranty form looked like his, he admitted to signing all of the documents that were given to him at the 2007 closing without reading them, and he presented no evidence of fraud or manipulation. The court did not err in finding, based on the evidence presented, that Martin's signature and the

4

guaranty agreement were genuine and legally effective. *See Bronsnick v. Brisman*, 819 N.Y.S.2d 492, 493 (1st Dept. 2006) (rejecting claim of debtor that she "did not sign the note" because "something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (brackets and quotation omitted)).

The parties do not dispute that Greystone had standing to enforce the 2007 payment guaranty before assigning it to RCB, so whether RCB has standing to pursue its claim on the guaranty boils down to whether the assignment was valid. On appeal, Martin highlights the fact that in ruling on summary judgment the district court found ambiguities in assignment documents. Martin fails to mention, however, that when the district court called for a trial to address the ambiguities it saw in one assignment document, it did not have before it all of the assignment documents. Thus, while the court determined that the Skyline Mortgage Assignment was ambiguous when it ruled on summary judgment, at trial the court relied on language in the Bill of Sale and Assignment, which the court had not previously analyzed but which was executed concurrently with the Skyline Mortgage Assignment. The Bill of Sale and Assignment provides in relevant part:

> [Greystone] hereby sells, assigns and transfers unto [RCB] . . . all right, title and interest of Assignor in, to and under or arising out of [the 2007 Consolidated Note], secured by the real property known as 4 Skyline Drive . . .together with all right, title and interest of Assignor in, to and under or arising out of: (1) the Loan Documents; (2) *all guaranties* . . . and other documents executed and/or delivered to Assignor in connection with the Loan . . . .

J.A. at 445 (emphasis added). We agree with the district court's final determination that this language unambiguously transferred all guaranties executed in connection with the 2007 consolidated note and mortgage, which necessarily included Martin's guaranty.

5

At trial and on appeal, Martin has relied heavily upon an unreported New York Supreme Court case, *East West Bank v. 32 Tower, LLC*, No. 30798/10, 939 N.Y.S.2d 740 (Table), 2011 WL 5515436 (N.Y. Sup. Ct. Nov. 9, 2011) to argue that the guaranty here was not assigned. In that case, the court found that the following language contained in an assignment did not include the personal guaranty at issue: "All promissory note(s), note consolidation and/or modification agreements, and related unrecorded documents evidencing indebtedness secured by the Mortgages, and all sums payable under the foregoing . . . ." *Id.* at *1. The state supreme court held that this language did not include the guaranty at issue because "the assignment d[id] not expressly state that any 'guaranties' were assigned." *Id.* at *3. Here, by contrast, the Bill of Sale and Assignment includes the language "all guaranties," which the district court reasonably interpreted as including Martin's guaranty. The district court did not err in concluding that Greystone properly assigned Martin's payment guaranty to RCB and that RCB therefore had standing to seek a deficiency judgment against Martin on that guaranty.

We have considered all of Martin's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

6